**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosie Isela Betancourt,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>            Defendant. | No. CV-13-01274-PHX-DGC<br><br>**ORDER** |

Plaintiff filed an application for disability insurance benefits on June 14, 2010, alleging disability beginning July 1, 2009. Tr. at 28. The application was denied on November 2, 2010 and upon reconsideration on May 18, 2011. *Id*. Plaintiff was granted a hearing in which she appeared, with counsel, before Administrative Law Judge ("ALJ") Philip Moulaison on March 2, 2012. *Id*. The ALJ determined that Plaintiff was not disabled under the relevant provisions of the Social Security Act. *Id*. The Appeals Council denied review on May 15, 2013 (*id*. at 1-3), and Plaintiff filed this action seeking reversal of the denial and remand for an award of benefits. Doc. 18. Defendant has filed a memorandum in opposition (Doc. 22), and Plaintiff has filed a reply (Doc. 23). Neither party has requested oral argument. For the reasons that follow, Defendant's decision is affirmed.

**I.  Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d

880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**II.     Analysis.**

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work.[1] If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise, it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner must find the claimant disabled unless he finds that the claimant can make an adjustment to other work. The Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

---

[1] RFC is the most a claimant can do with the limitations caused by his impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

1    The ALJ found at step one that Plaintiff had not worked since July 1, 2009, through the date she was last insured on December 31, 2013. Tr. at 30. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, lupus, asthma, noninsulin dependent diabetes mellitus, and right knee impairments. *Id*. The ALJ found at step three that none of these impairments or combination thereof met or medically equaled one of the listed impairments. *Id.* at 32. The ALJ found that Plaintiff had the RFC to perform the full range of light work. *Id*. The ALJ found at step four that Plaintiff would be able to perform her past relevant work as an airport ticketing agent, nail tech, travel agent, floral arranger, and sales clerk. *Id*. at 36. The ALJ therefore concluded that Plaintiff was not disabled. *Id*. at 37.

Plaintiff argues that the ALJ's determination was based on legal error and should be remanded because (1) he gave inappropriate weight to the testimony of two non-treating physicians; (2) he inappropriately rejected the testimony of treating nurse practitioners; and (3) he inappropriately rejected claimant's subjective testimony regarding her symptoms. Doc. 21.

### A.    Medical Opinions.

Plaintiff argues that the ALJ gave inappropriate weight to two physicians' opinions and the opinions of two nurse practitioners. First, Plaintiff argues that although the ALJ claimed to give "significant weight" to the opinion of Dr. Harper, who examined Plaintiff, the ALJ's assessment was not, in fact, in accord with Dr. Harper's opinion. Doc. 21 at 12. Second, Plaintiff argues that the ALJ erred in giving "great weight" to the State agency review physician's opinion. Doc. 21 at 12. Third, Plaintiff argues that the opinions of two nurse practitioners who treated Plaintiff should have been given more weight.

"The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(c); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians:  (1) treating

1   physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinions of treating physicians than to the opinions of non-treating physicians. *Id.*

The ALJ may reject the opinion of a treating or examining physician by making "findings setting forth specific legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation and quotation omitted). "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Id.* Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

The ALJ stated that he gave "significant weight to M. Harper, D.O., who opined that the claimant had no functional limitations." Tr. 36. He also stated, however, that he gave "significant weight to the subjective complaints of the claimant and found light limitations. Therefore, it is given significant weight." *Id*. The ALJ then concluded that the claimant was capable of light work. *Id*.

The ALJ's reasoning for giving Dr. Harper's opinion great weight – that he gave significant weight to claimant's subjective complaints, and "Therefore, it is given significant weight" – is inarticulate but it is supported. Plaintiff stated that she suffered from severe and regular symptoms that prevented her from working at all. While Dr. Harper's opinion clearly contradicted this – he found that Plaintiff had no limitations – the ALJ gave Plaintiff's testimony some credit and found that she was capable of light work.

The ALJ did not specifically articulate his reasoning for the weight he gave the non-examining, state agency review physician's opinion. Rather, the ALJ summarily stated that he "has considered and gives great weight to the physical State agency review physicians who opined light limitations []. This is consistent with the objective evidence in the record, and the record as a whole. Therefore it is given great weight." Tr. 36.

Where an ALJ rejects a physician's opinion, the "ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Where the opinions are consistent with the record as a whole, however, the same level of articulation is not required. The great weight of the evidence considered by the ALJ supported a conclusion that Plaintiff was capable of light work. No functional limitations were found based on psychological issues by the examining psychologist, Dr. Krabbenhoft. Tr. 31. Additionally, no examining medical doctor found that Plaintiff had limited functioning that would impede her ability to do light work.

The ALJ did consider evidence from the two treating nurse practitioners, Goodson and Horn, who both opined that Plaintiff's symptoms precluded her from working at the level of substantial gainful activity, but he gave them little weight. Nurse Practitioners are not an "acceptable medical source" for documenting a medical impairment under 20 C.F.R. § 404.1513(a). Rather, they are considered "other sources" that the Commissioner may use to show the severity of a claimant's impairments and how these impairments may affect his ability to work. 20 C.F.R. § 404.1513(d). "The ALJ may discount testimony from these 'other sources' if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal quotation marks and citations omitted).

The ALJ did give reasons for discounting the opinions of Goodson and Horn. He found that the opinions were not from an acceptable medical source, were not supported by objective evidence, and were inconsistent with the record as a whole. Tr. 36. Specifically, he noted that the nurse practitioners provided no explanation for their

assessment regarding Plaintiff's ability to do substantial gainful activity, and neither provided clinical nor diagnostic findings to support their functional assessments. *Id.*

Plaintiff argues that the ALJ's reasons for rejecting the opinions of Horn and Goodson are not sufficient. In support, she cites cases that address an ALJ's rejection of a treating physician's opinion. Doc. 21 at 15-19. Plaintiff argues that the ALJ should have indicated *how* the nurse practitioners' assessments were inconsistent with the treating physicians' assessments, but this is only required when an ALJ rejects a medical source opinion. *See, e.g.*, *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (discussing requirements for rejecting medical opinions); *Orn*, 495 F.3d at 634 (same). "Other source" opinions, including those of nurse practitioners, "are not entitled to the same deference" as physician opinions. *Molina*, 674 F.3d at 1111. Because the ALJ gave germane reasons for rejecting the opinions of Horn and Goodson, his decision to do so was not legal error.

### C. Plaintiff's Subjective Testimony.

Plaintiff also argues that the ALJ improperly rejected her symptom testimony. Doc. 21 at 19. An "ALJ must provide clear and convincing reasons to reject a claimant's subjective testimony, by specifically identifying what testimony is not credible and what evidence undermines the claimant's complaints." *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)) (internal quotes omitted). General assertions that the claimant's testimony is not credible are insufficient. *Parra*, 481 F.3d at 750. In weighing a claimant's credibility, the ALJ may consider the following factors: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, claimant's daily activities, claimant's work record, and the compatibility of claimant's testimony with the medical evidence. *Thomas*, 278 F.3d at 958-59; *Lee v. Astrue*, 472 F. App'x. 553, 555 (9th Cir. 2012).

The ALJ noted that Plaintiff's testimony was inconsistent with his residual

functioning capacity ("RFC") assessment. Tr. 34. The RFC assessment found that Plaintiff's impairments could reasonably be expected to produce pain or other symptoms, but the ALJ found that Plaintiff's assertion that she was disabled and in constant pain was inconsistent with her daily activity level, as she testified that she was still able to drive, clean the house, grocery shop, take care of her grandchildren and her pets, and prepare meals, among other things. Tr. 33. The ALJ also noted that claimant had applied for unemployment compensation, and in doing so would have certified that she was physically and mentally able, willing, and available to work. *Id. See Berry v. Astrue*, 622 F.3d 1228, 1234-35 (9th Cir. 2010) (finding that inconsistencies in claimant's testimony regarding functional capacity supported ALJ's adverse credibility determination); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."). The ALJ also found that Plaintiff's testimony about the severity of her pain and disability was inconsistent with the medical evidence before him. For example, despite complaints by Plaintiff that she could not stand on her feet due to severe pain, upon examination doctors found minimal reproducible pain in her feet. Tr. 34. The ALJ also reviewed the objective clinical and diagnostic findings of Plaintiff, including numerous x-rays, MRI's, ultrasounds, and physical examinations, and found Plaintiff's subjective complaints to be largely unsupported by these tests and examinations. Tr. 34-36.

The Court concludes that the ALJ provided clear and convincing reasons for his credibility determination. He made explicit findings that Plaintiff's claim of disability was inconsistent with her daily activities and with the medical evidence in the record.

**IT IS ORDERED** that Defendant's decision denying benefits is **affirmed**.

Dated this 21st day of March, 2014.

_____
David G. Campbell
United States District Judge